FILED
2020 FEB -7 PM 12:54
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.<br><br>Debtor. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered)<br><br>Adv. No. 19-51022 (BLS) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>SEARCHLIGHT FINANCIAL ADVISORS, LLC AND CAROLINE RAKNESS,<br><br>Defendants. | |

**ANSWER TO "COMPLAINT OBJECTING TO CLAIMS AND COUNTERCLAIMING FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS, FOR EQUITABLE SUBORDINATION, FOR SALE OF UNREGISTERED SECURITIES, FRAUD, AND FOR AIDING AND ABETTING FRAUD" -**
**<u>JURY TRIAL DEMAND</u>**

Defendants Searchlight Financial Advisors, LLC ("SFA") and Caroline Rakness ("Rakness") (SFA and Rakness are jointly referred to as the "Defendants"), by and through their

counsel, answers the "Complaint Objecting To Claims And Counterclaiming For Avoidance And Recovery Of Avoidable Transfers, For Equitable Subordination, For Sale Of Unregistered Securities, Fraud, And For Aiding And Abetting Fraud" ("Complaint") filed on behalf Michael Goldberg, In His Capacity As Liquidating Trustee Of The Woodbridge Liquidation Trust ("Goldberg" or "Plaintiff"), and asserts their affirmative defenses as follows:

## NATURE OF THE ACTION

1. At all times relevant to the claims asserted in the Complaint, Defendants had no knowledge that Debtors or any of them were being operated as a Ponzi scheme, and lack sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1, and on that basis deny the allegations of Paragraph 1 of the Complaint.

2. At all times relevant to the claims asserted in the Complaint, Defendants had no knowledge that many of the "Noteholders" or "Unitholders" (collectively, "Investors") were elderly, and often placed a substantial percentage of their net worth (including savings and retirement accounts) with Debtors and lack sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2, and on that basis deny the allegations of Paragraph 2 of the Complaint.

3. Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3, and on that basis deny the allegations of Paragraph 3 of the Complaint.

///

## JURISDICTION AND VENUE

4. The allegations of Paragraph 4 constitute a conclusion of law and/or a statement by Plaintiff regarding its consent to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 4 of the Complaint. Defendants consent to the entry of final orders or judgment by the United States Bankruptcy Court for the District of Delaware ("Court") if it is determined that consent of the parties is required by the Court to enter final orders or judgment consistent with Article III of the United States Constitution.

5. The allegations of Paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5 of the Complaint.

## THE PARTIES

***The Liquidation Trust***

6. Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis deny the allegations of Paragraph 6 of the Complaint.

7. Defendants admit that the Plan confirmation order speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 7, and on that basis deny the allegations of Paragraph 7 of the Complaint.

8. Defendants admit that the Plan speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis deny the allegations of Paragraph 8 of the Complaint.

9. Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 9, and on that basis deny the allegations of Paragraph 9 of the Complaint.

10. Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis deny the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that the Plan speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis deny the allegations of Paragraph 11 of the Complaint.

12. Defendants admit that the Plan speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis deny the allegations of Paragraph 12 of the Complaint.

13. Defendants admit that Rakness is an individual residing in the State of California, and SFA is a California limited liability company that is owned by Rakness. Defendants further admit that Defendants are engaged in the business of providing financial advice and insurance investment services. Except as admitted, Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants, after undertaking substantial due diligence, sold Woodbridge products, utilizing marketing materials provided by Woodridge, to primarily educated, experienced and sophisticated investors. Except as admitted, Defendants deny the allegations of Paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

***The Alleged Fraud***

15. At all times relevant to the claims asserted in the Complaint, Defendants had no knowledge that Debtors or any of them were being operated as a Ponzi scheme. Defendants admit that the Plan speaks for itself. Except, as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis deny the allegations of Paragraph 15 of the Complaint.

16. Defendants admit they were not registered as brokers-dealers with the Securities and Exchange Commission. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 16, and on that basis deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants admit that any representations made to investors were based upon the due diligence undertaken by Defendants before any Woodbridge products were marketed, and statements made by Woodbridge representatives. Except, as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis deny the allegations of Paragraph 17 of the Complaint.

18. Defendants deny that any statements they made were lies, and lack sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and on those bases deny the allegations of Paragraph 18 of the Complaint.

19. At all times relevant to the claims asserted in the Complaint, Defendants had no knowledge that Debtors or any of them were being operated as a Ponzi scheme, and lack sufficient information to form a belief as to the truth of the remaining allegations set forth in

Paragraph 19, and on that basis deny the allegations of Paragraph 19 of the Complaint.

20. Defendants admit that **Exhibit A** to the Complaint speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit they engaged in activities that resulted in investments in Woodridge products, and that SFA received commission payments on account of those investments. Except as admitted, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit that **Exhibit B** to the Complaint speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis deny the allegations of Paragraph 22 of the Complaint.

23. Defendants admit that **Exhibit B** to the Complaint speaks for itself. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis deny the allegations of Paragraph 23 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

24. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 23, inclusive, and incorporate those answers by this reference in response to Paragraph

24 of the Complaint.

25. The allegations of Paragraph 25 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis deny the allegations of Paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis deny the allegations of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis deny the allegations of Paragraph 27 of the Complaint.

28. The allegations of Paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis deny the allegations of Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Case

29. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 28, inclusive, and incorporate those answers by this reference in response to Paragraph

29 of the Complaint.

30. The allegations of Paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis deny the allegations of Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 31, and on that basis deny the allegations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 32, and on that basis deny the allegations of Paragraph 32 of the Complaint.

33. The allegations of Paragraph 33 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 33, and on that basis deny the allegations of Paragraph 33 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code

34. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 33, inclusive, and incorporate those answers by this reference in response to Paragraph

34 of the Complaint.

35. The allegations of Paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 35, and on that basis deny the allegations of Paragraph 35 of the Complaint.

36. The allegations of Paragraph 36 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 36, and on that basis deny the allegations of Paragraph 36 of the Complaint.

37. The allegations of Paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 37, and on that basis deny the allegations of Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 38, and on that basis deny the allegations of Paragraph 38 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Avoidance and Recovery of Actual Intent Voidable Transactions – State Law

39. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 38, inclusive, and incorporate those answers by this reference in response to Paragraph

39 of the Complaint.

40. The allegations of Paragraph 40 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 40, and on that basis deny the allegations of Paragraph 40 of the Complaint.

41. The allegations of Paragraph 41 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 41, and on that basis deny the allegations of Paragraph 41 of the Complaint.

42. The allegations of Paragraph 42 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 42, and on that basis deny the allegations of Paragraph 42 of the Complaint.

43. The allegations of Paragraph 43 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 43, and on that basis deny the allegations of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 44, and on that basis deny the allegations of Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 constitute a conclusion of law to which no

response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 45, and on that basis deny the allegations of Paragraph 45 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Avoidance and Recovery of Constructive Voidable Transactions – State Law

46. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 45, inclusive, and incorporate those answers by this reference in response to Paragraph 46 of the Complaint.

47. The allegations of Paragraph 47 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 47, and on that basis deny the allegations of Paragraph 47 of the Complaint.

48. The allegations of Paragraph 48 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 48, and on that basis deny the allegations of Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 49, and on that basis deny the allegations of Paragraph 49 of the Complaint.

50. The allegations of Paragraph 50 constitute a conclusion of law to which no

response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 50, and on that basis deny the allegations of Paragraph 50 of the Complaint.

51. The allegations of Paragraph 51 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 51, and on that basis deny the allegations of Paragraph 51 of the Complaint.

52. The allegations of Paragraph 52 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 52, and on that basis deny the allegations of Paragraph 52 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Objection to Claims (Bankruptcy Code Section 502(d))

53. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 52, inclusive, and incorporate those answers by this reference in response to Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 54, and on that basis deny the allegations of Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 constitute a conclusion of law to which no

response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 55, and on that basis deny the allegations of Paragraph 55 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

**Equitable Subordination of Claims**

56. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 55, inclusive, and incorporate those answers by this reference in response to Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. The allegations of Paragraph 59 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 60 of the Complaint.

61. The allegations of Paragraph 61 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 61 of the Complaint.

///

## EIGHTH CLAIM FOR RELIEF

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a)**

62. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 61, inclusive, and incorporate those answers by this reference in response to Paragraph 62 of the Complaint.

63. The allegations of Paragraph 63 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 63 of the Complaint.

64. The allegations of Paragraph 64 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 64, and on that basis deny the allegations of Paragraph 64 of the Complaint.

65. The allegations of Paragraph 65 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 65, and on that basis deny the allegations of Paragraph 65 of the Complaint.

66. The allegations of Paragraph 66 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 66, and on that basis deny the allegations of Paragraph 66 of the Complaint.

67. The allegations of Paragraph 67 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information

to form a belief as to the truth of the allegations set forth in Paragraph 67, and on that basis deny the allegations of Paragraph 67 of the Complaint.

68. The allegations of Paragraph 68 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 68, and on that basis deny the allegations of Paragraph 68 of the Complaint.

**NINTH CLAIM FOR RELIEF**

**Fraud**

69. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 68, inclusive, and incorporate those answers by this reference in response to Paragraph 69 of the Complaint.

70. The allegations of Paragraph 70 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants admit that any statements were made in good faith, with the belief that the statements were accurate. Except as admitted, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 71, and on that basis deny the allegations of Paragraph 71 of the Complaint.

72. The allegations of Paragraph 72 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 70 of the Complaint.

73. The allegations of Paragraph 73 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 73, and on that basis deny the allegations of Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

## TENTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

75. Defendants repeat their answers to the allegations set forth in Paragraphs 1 through 74, inclusive, and incorporate those answers by this reference in response to Paragraph 75 of the Complaint.

76. The allegations of Paragraph 76 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 76, and on that basis deny the allegations of Paragraph 76 of the Complaint.

77. The allegations of Paragraph 77 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 77 of the Complaint.

78. The allegations of Paragraph 78 constitute a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

As a first separate and affirmative defense, Defendants alleges that the Complaint and each cause of action contained therein fails to allege facts sufficient to state a cause of action against Defendants or either of them.

### Second Affirmative Defense

(Lack of *Prima Facie* Case)

As a second separate and affirmative defense, Defendants allege that all elements of a *prima facie* case under 11 U.S.C. §§547, 548(a)(1)(B), 550, and 502(d) and (j) are not met.

### Third Affirmative Defense

(Contemporaneous Exchange - 11 U.S.C. §547(c)(1))

As a third separate and affirmative defense, Defendants allege that the Transfer(s) was intended by Debtor and Defendant to be a contemporaneous exchange(s) for new value given to Debtor, and a substantially contemporaneously exchange(s) occurred.

### Fourth Affirmative Defense

(Ordinary Course of Business - 11 U.S.C. §547(c)(2))

As a fourth separate and affirmative defense, Defendants allege that the Transfer(s) was

in payment of a debt(s) incurred by Debtor in the ordinary business or financial affairs of Debtor and Defendants, and such Transfer(s) were made in the ordinary course of business or financial affairs of Debtor and Defendants, or made according to ordinary business terms.

**Fifth Affirmative Defense**

(Subsequent New Value - 11 U.S.C. §547(c)(4))

As a fifth separate and affirmative defense, Defendants allege that after the Transfer(s), Defendants gave new value to or for the benefit of Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendants.

**Sixth Affirmative Defense**

(Reasonably Equivalent Value)

As a sixth separate and affirmative defense, Defendants alleges that Debtor received reasonably equivalent value in exchange for the Transfer(s) to Defendants.

**Seventh Affirmative Defense**

(No Constructive Intent)

As a seventh separate and affirmative defense, Defendants allege that Debtor received reasonably equivalent value in exchange for the Transfer(s) to Defendants, and Debtor either: (A) was not engaged or about to engage in a business or a transaction for which the remaining assets of Debtor was unreasonably small in relation to the business or transaction; or (B) did not intend to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to

pay as they became due.

**Eighth Affirmative Defense**

(Solvency)

As an eighth separate and affirmative defense, Defendants alleges that Debtor was solvent at the time of the Transfer(s) and did not become insolvent as a result of the Transfer(s).

**Ninth Affirmative Defense**

(No Finding of Liability under 11 U.S.C. §502)

As a ninth separate and affirmative defense, relief may not be granted under 11 U.S.C. §502(d) unless and until Defendant SFA is found liable under one of the Bankruptcy Code sections enumerated in Section 502(d) under which Defendants specifically deny such liability.

**Tenth Affirmative Defense**

(Estoppel)

As a tenth separate and affirmative defense, Defendants are informed and believe and thereon allege that the Plaintiff, by reason of the acts and conduct of Debtors and/or Shapiro, or for other reasons, is estopped from asserting any and all claims alleged in the Complaint.

**Eleventh Affirmative Defense**

(Unclean Hands)

As an eleventh separate and affirmative defense, Defendants allege that the Plaintiff's

rights and claims against Defendants, if any, are barred in whole or in part by the unclean hands of Debtors and/or Shapiro.

**Twelfth Affirmative Defense**

(Laches)

As a twelfth separate and affirmative defense, Defendants allege that the Plaintiff's rights and claims against Defendants, if any, are barred in whole or in part by the doctrine of laches in that there has been an unreasonable delay in efforts to enforce the Plaintiff's rights, if any, despite his full awareness of Defendants' actions.

**Thirteenth Affirmative Defense**

(Justification)

As a thirteenth separate and affirmative defense, even assuming, *arguendo*, that Defendants have acted or failed to act as alleged in the Complaint and each cause of action therein, (which these answering Defendants deny and only make such assumption for the purpose of this defense), such acts or failures to act were justified.

**Fourteenth Affirmative Defense**

(Causation)

As a fourteenth separate and affirmative defense, Plaintiff's claims against Defendants are barred because no damages have been caused by Plaintiff's conduct.

**Fifteenth Affirmative Defense**

(Fraud)

As a fifteenth separate and affirmative defense, Plaintiff's claims against Defendants are barred, in whole or in part, because of the fraud of Debtors and/or Shapiro.

**Sixteenth Affirmative Defense**

(Reasonable Care)

As a sixteenth separate and affirmative defense, Defendants undertook a reasonable investigation before engaging in the sale of Woodridge products.

**Seventeenth Affirmative Defense**

(Reservation of Additional Affirmative Defenses)

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and yet unstated, affirmative defenses available. Defendants reserves the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

**JURY TRIAL DEMAND**

Defendants demand a jury trial as to all issues to which it is entitled to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9105 of the Federal Rules of Bankruptcy Procedure.

**RELIEF REQUESTED**

**WHEREFORE**, defendants Searchlight Financial Advisors, LLC and Caroline Rakness pray for judgment as follows:

1. That the relief sought by the Complaint be denied.

2. For costs of suit.

3. For such other relief as the Court deems just and appropriate.

Dated: February 6, 2020

By: Caroline Rakness

Caroline Rakness, in pro per
individually, and on behalf of defendant
Searchlight Financial Advisors, LLC
9300 Wilshire Boulevard, Suite 410
Beverly Hills, California 90212
Telephone: (310) 285-0525

**CERTIFICATE OF SERVICE**

I, Pamela Wilson, state on this 6th day of February, 2019 that I caused a copy of the "Answer to "*Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, For Equitable Subordination, for Sale of Unregistered Securities, Fraud, and for Aiding and Abetting Fraud" - Jury Trial Demand*" to be served via regular mail on the attached parties:

FILED
2020 FEB -7 PM 12: 54
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Pachulski Stang Ziehl & Jones LLP
Andrew W. Caine
Bradford J. Sandler
Colin R. Robinson
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705

By: [signature]

9300 Wilshire Boulevard, Suite 410
Beverly Hills, California 90212
Telephone: (310) 285-0525